UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BARRON TAYLOR,<br><br>　　Plaintiff,<br><br>V.<br><br>ATRIUM HEALTH, INC.,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Barron Taylor ("Plaintiff" or "Dr. Taylor"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Atrium Health, Inc. ("Defendant" or "Atrium"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein took place in Anson County, North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. The Equal Employment and Opportunity Commission (EEOC) investigated Plaintiff's claims and issued him a Notice of Right to Sue.

### II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of North Carolina.

6. Defendant is a corporation registered to conduct business in the State of North Carolina.

7. Defendant may be served through its registered agent, Brett J. Denton, located at 1000 Blythe Boulevard, Charlotte, NC 28203

8. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

9. Defendant is subject to the requirements of Title VII.

### III. FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendant as a Nurse Practitioner (NP).

11. On March 31, 2020, Plaintiff learned that his son attempted suicide.

12. The next morning, Plaintiff told his practice's Medical Director, Dr. Donald Woodburn, that he did not know how much longer he could continue working for Defendant.

13. Dr. Woodburn called Plaintiff into his office around 12 pm and asked for additional information.

14. Plaintiff shared the incident involving his son, and they talked for approximately 60 minutes.

15. During his conversation with Dr. Woodburn, Plaintiff had three (3) patients scheduled and waiting for an examination.

16. Plaintiff communicated with his medical assistants regarding each patient, but due to the emotional nature of his conversation with Dr. Woodburn, Plaintiff was not able to see them.

17. At the end of the day, Plaintiff reviewed his notes for each patient and forgot that he missed several appointments because of the unexpected meeting with Dr. Woodburn.

18. Defendant terminated Plaintiff on June 19, 2020, for improperly billing patients for the appointments he missed.

19. Plaintiff is African-American.

20. Defendant employs a Caucasian NP named Kelly Horne who has intentionally billed patients she did not actually examine.

21. Ms. Horne and Plaintiff worked in the same medical practice and were managed by the same individuals.

22. Upon information and belief, Defendant received numerous complaints regarding Ms. Horne's practice of billing patients she did not examine, both from patients and co-workers.

23. Plaintiff personally read complaints regarding Ms. Horne's misconduct on Press Ganey patient experience reports.

24. Defendant has not terminated Ms. Horne.

25. During his employment with Defendant, Plaintiff earned a doctorate in Nursing Practice.

26. In Plaintiff's last full year review with Defendant, he received a rating of "exceeds expectations."

## IV. CLAIM FOR RELIEF

## COUNT I

## TITLE VII DISCRIMINATION

27. Plaintiff incorporates by reference paragraphs 1-26 of his Complaint as if fully set forth herein.

28. Plaintiff was a member of a protected class by virtue of his race (African-American).

29. Plaintiff was qualified for his position and met his employers legitimate expectations.

30. Plaintiff was subject to an adverse employment action by Defendant.

31. A similarly situated individual of another race received more favorable treatment than Plaitniff, thus raising an inference of race discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the Title VII; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 19th day of August, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 19th day of August, 2021.

        THE KIRBY G. SMITH LAW FIRM, LLC

        /s/Alexander C. Kelly
        Alexander C. Kelly
        North Carolina Bar No. 49308
        THE KIRBY G. SMITH LAW FIRM, LLC
        111 N. Chestnut St.
        Suite 200
        Winston-Salem, NC 27101
        T: (704) 729-4287
        F: (877) 352-6253
        ack@kirbygsmith.com

        *Attorney for Plaintiff*